Arthur C. Aulisi, J.
This is a habeas corpus proceeding in
which petitioner challenges the validity of his detention in the Fulton County jail to which he was committed to await the action of the Fulton County Grand Jury at the conclusion of a hearing before Town Justice Charles Phillips of the Town of Mayfield, Fulton County.
On August 5, 1972, petitioner was arrested and thereafter brought before said Town Justice where he was arraigned on a two count felony complaint charging him (a) with the crime of murder, in violation of subdivision 3 of section 125.25 of the Penal Law, in that he allegedly committed sodomy in the first degree! and, in the course of and in furtherance of such crime or of immediate flight therefrom, he caused the death of a female 10 years of age; and (b) with the crime of sodomy in the first degree, in violation of section 130.50 of the Penal Law, by forcible compulsion of said female child.
■ Petitioner claims that his detention is illegal and in violation of his ¡constitutional and statutory rights, in that the prosecution failed to prove the sodomy felony charged in both counts of the accusatory instrument, and because a State Police officer was allowed to testify to oral statements made by petitioner after his arrest and during custodial interrogation which statements, petitioner argues, were involuntarily given by him. The jurisdiction: of the Town Justice to hold the preliminary hearing is not in dispute.
A preliminary hearing before a Magistrate is, basically, a first screening of the charge; its function is not to try the defendant, nor does it require the same degree of proof or quality of evidence as is necessary for an indictment or for conviction at a trial. 'The objective is to determine “If there is reasonable cause to believe that the defendant committed a felony ”. (CPL 180.70.) Such quoted language means any felony that the evidence indicates was committed by the defendant. It is not limited only to the felony charged in the accusatory instrument.
Thus, if it develops at the hearing that there is reasonable cause to believe that the defendant committed a felony other than the one stated in the accusatory instrument, such showing is sufficient, in itself, to hold the defendant for the action of the Grand Jury although said other felony was not included in the complaint.
A transcript of the record of the hearing has been submitted to me to determine whether the facts adduced before the Town Justice are sufficient to constitute reasonable cause to warrant *101 defendant’s detention. “Reasonable cause ” is defined by CPL 70.10 (subd. 2) as follows:
“ 2. ‘ Reasonable cause to believe that a person has committed an offense ’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay.”
I do not deem it necessary to recite the details of what occurred at the time and place of the alleged crime. Suffice it to say that from a reading of the record, it appears that there was reasonable cause to believe that the defendant committed felony murder (Penal Law, § 125.25 subd. 3) (rape-murder), and rape in the first degree, Penal Law, § 130.35, subd. 3) and that the Town Justice had sufficient basis on which to hold the petitioner for Grand Jury action.
We now turn to petitioner’s contention that the Town Justice should not have permitted testimony with regard to oral statements made by petitioner in that, petitioner asserts, such oral statements were involuntarily made and unconstitutionally elicited from him in violation of his rights. At the preliminary hearing, the Town Justice was the official charged with the responsibility to hear the proof and pass upon its sufficiency to hold petitioner. This included the oral statements allegedly made by petitioner to the State Police officer who was subjected to extensive cross-examination by counsel for petitioner.
Implicit in Judge Phillips’ determination that petitioner be held for the Grand Jury is a finding that upon all the proof produced at the hearing, there was reasonable cause to believe that the defendant committed a felony and that any statements made by him were voluntary. Such finding is supported by the evidence and cannot be disturbed in this proceeding. Should the Grand Jury indict petitioner, the law provides adequate remedy to raise the question of the voluntariness of his oral statements at a Huntley hearing and during the trial on the indictment should the prosecution attempt to prove such statements.
Therefore, the writ is hereby denied, the petition is dismissed and petitioner is remanded to the custody of the Fulton County Sheriff.