■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WALLASON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 9, 1975, convicting him of manslaughter in the first degree and possession of a weapon, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No contentions have been raised with respect to the findings of fact. The prosecutor's repeated characterization of the defendant as a "liar" and his incitement of the jury's fear of crime were improper and denied defendant a fair trial (see *People v Shanis,* 36 NY2d 697; *People v Rogers,* 59 AD2d 916, 918). This impropriety was further compounded by the court's error, though harmless in and of itself, in failing to charge the jury with regard to motive (see *People v Sangamino,* 258 NY 85, 88). Martuscello, J. P., Titone, Suozzi and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL WILLIAMS, Also Known as SAMUEL MOORER, Also Known as JAMES WHITE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 9, 1976, convicting him of robbery in the second degree, assault in the second degree, assault in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The defendant and the complainant, the only persons involved in the crime, each accused the other of being the robber. There were no other persons who were witnesses to the crime. Thus, credibility was the only real issue before the jury. In this context, the court allowed each of two police officers to testify to the account of the crime given to them by the complainant. It is error to allow the prosecution to bolster the credibility of a witness by showing that he made prior consistent statements when there was no attempt to discredit the witness by showing that his testimony was a recent fabrication *(Crawford v Nilan,* 289 NY 444; Richardson, Evidence [Prince, 10th ed], § 519). While the evidence may have been strong enough to support a guilty verdict if the jury believed the complainant, it was not overwhelming. Since the error may have influenced the jury's opinion of the credibility of the People's only eyewitness, it cannot be said that the error was harmless (see *People v Crimmins,* 36 NY2d 230). Martuscello, J. P., Titone, Suozzi and Cohalan, JJ., concur.