(October 3, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON MAJOR, Appellant.—Judgment, Supreme Court, New York County (William J. Davis, J.), rendered May 5, 1988, convicting defendant-appellant, after jury trial, of sexual abuse in the first degree, unanimously reversed, on the law, and the matter remanded for a new trial.

The judgment of conviction must be reversed because the court improperly allowed the complainant's psychiatrist to testify that in his opinion the complainant did not consent to the sexual contact with the defendant, which was the ultimate issue in the case. The complainant had had breast augmentation surgery performed by the defendant, a plastic surgeon, in 1981. On December 10, 1985, she went to the defendant to be treated for the hardening of her breasts, a result of the implant procedure. The defendant administered two injections of Valium combined with ketamine, an anaesthetic, to relax the complainant. She felt "woozy" after the first injection and lost consciousness after the second.

As she was regaining consciousness, she gagged and realized that the defendant had his tongue in her mouth, his hands in her underwear, and was fondling her genitals. According to the complainant, although she was conscious, she was "totally helpless" when the defendant picked her up and carried her into his personal office and placed her on a couch. The defendant proceeded to have sexual intercourse with the complainant, although she testified that she told him, "Stop, stop. I'm not protected." The complainant maintained that she was unable to resist the defendant because of the aftereffects of the drugs. Nevertheless, she walked about two blocks with the defendant to the garage where his car was parked, and he drove her to her apartment building.

The complainant immediately telephoned her psychiatrist, Dr. James Randall, whom she had been seeing for about eight months. In cross-examining the complainant, defense counsel asked, based on Dr. Randall's notes of the conversation, whether she recalled telling Dr. Randall that she "enjoyed it", or that she was "a passive victim or maybe not even a victim". However, she denied making these statements. To counter the impression that the complainant had consented to the defendant's sexual overtures, the People proposed to call Dr. Randall. Following the prosecutor's offer of proof, defense counsel objected to the application, but was overruled.

In response to the prosecutor's specific questions, Dr. Randall stated that the complainant "never gave consent at any time"; that "[w]hatever she was feeling, she [did] not give her consent to anything" and "there was no consent." Defense counsel objected on each occasion and requested that the testimony be stricken but the objections were overruled. Thereafter, defense counsel moved for a mistrial. The motion was also denied. However, the next day, the court ordered Dr. Randall's testimony regarding the complainant's consent stricken from the record and the jury was given curative instructions.

While the opinion testimony of an expert witness is admissible to explain conclusions which are based upon professional or scientific knowledge which is not within the range of the ordinary juror's training, experience or intelligence (People v Keindl, 68 NY2d 410 [1986]; People v Cronin, 60 NY2d 430, 432 [1983]), opinion evidence offered for the sole purpose of bolstering the testimony of another witness invades the province of the jury and is improper. (People v Ciaccio, 47 NY2d 431, 439 [1979]; People v Williams, 6 NY2d 18, 23 [1959]; People v Torres, 119 AD2d 508, 509 [1st Dept 1986]; People v Cruickshank, 105 AD2d 325, 331 [3d Dept 1985]; People v Kampshoff, 53 AD2d 325, 330-331 [4th Dept 1976].) Dr. Randall's conclusion as to whether the complainant had consented to the sexual contact—which was the only issue in dispute— served no other purpose but to corroborate the complainant's previous testimony. His testimony was not admissible as evidence of the complainant's prior consistent statements. (People v McClean, 69 NY2d 426, 428 [1987]; People v Davis, 44 NY2d 269, 277-278 [1978].)

It was error for the court to have allowed this testimony and the court's belated action in striking the offending testimony and giving a curative instruction did not mitigate the harm which had already been done to the defendant.

We therefore reverse the judgment appealed from. Concur—Murphy, P. J., Kassal, Rosenberger, Ellerin and Rubin, JJ.