OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The trial evidence showed that defendant was apprehended by a parking garage security officer shortly after the complaining witness saw him in a car attempting to remove a stereo speaker. While the parties were in the garage waiting for the police to arrive, defendant, who was standing five feet from the complainant and staring directly at her, said "If you f_me up with the police, I will f_you up.” The evidence also established that defendant continued to stare and curse at the complainant and to make "physical profane statements” to her. The complainant testified that she understood the defendant’s words to be a sexual threat and that as a result, she knew she had a decision to make about the possible consequences of cooperating with the police.
*906 Defendant’s sole argument on this appeal is that this evidence is legally insufficient to sustain his conviction of intimidating a victim or witness in the third degree (Penal Law § 215.15 [1]). Specifically, he contends that this evidence, which he characterizes as entirely circumstantial, is legally insufficient because it is equivocal.
Contrary to defendant’s contention, his statement constituted an element of the crime and therefore is direct evidence. Viewing this statement and the other evidence adduced at trial in the light most favorable to the People (People v Contes, 60 NY2d 620, 621), it is sufficient to establish that defendant knew the complainant possessed information relating to a crime and "[w]rongfully * * * attempted] to compel [her] to refrain from communicating such information to * * * [a] police officer * * * by means of instilling * * * a fear that [he would] cause physical injury to [her]” (Penal Law § 215.15 [1]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.