OPINION OF THE COURT
James C. Harberson, Jr., J.
FACTS
The defendant was charged with two violations of Penal Law §240.30 (1). The defendant had, on December 1 and December 5, 1989, sent letters to the complainant which she received and read.
*30 The first letter said the defendant was lifting weights frequently and was waiting with "great intensity” to "wrap my arms around you ONE MORE TIME”. He also mentions a parole hearing the complainant had testified at against him and said when he got out he would find her. The letter concluded with a sarcastic comment about the complainant’s daughter.
The second letter addressed to the complainant refers to "crimes of passion” and the defendant saying "I am willing to stake a claim that maybe something like that might happen”, "you can run but you can’t hide”; "you don’t deserve to live” and "I have a lot of animosity but I am saving it for trial”. (The complainant is a witness against the defendant on a charge of robbery, first degree [Penal Law § 160.15 (1)], indicted by the Jefferson County Grand Jury on Dec. 14, 1989.)
The second charge of section 240.30 (1) was based on a letter received December 9, 1989 in which the defendant talked about her throat being cut and devoting the rest of his life to making her pay, concluding "you don’t deserve anything except death which will be slow and painful”.
LAW
Defendant moves this court to dismiss the charges of Penal Law § 240.30 (1) based on the recent decision by the Court of Appeals in People v Dietze (75 NY2d 47), which found Penal Law § 240.25 (2) (harassment) unconstitutional.
In the cases of People v Cross and People v Blanchette (147 Misc 2d 50) decided recently in this court Penal Law § 240.20 (3) (disorderly conduct) was found unconstitutional because the proscribed conduct in section 240.20 (3) was identical to that in section 240.25 (2) found unconstitutional by Dietze (supra).
In People v Viau (50 NY2d 1052), the Court of Appeals decided that section 240.30 (1) did not apply to citizens’ band radio transmissions. Chief Judge Cooke in a concurring opinion noted: "However, as section 240.30 proscribes communications which are not necessarily obscene, it must be narrowly construed. The basis of the crime of harassment — a penal sanction that punishes the exercise of speech — is that the proscribed conduct is likely to lead to a breach of the peace. This rationale, of course, loses much if not all of its force where the language complained of is not heard by or directly aimed at the complainant. Thus, constitutionally protected speech which cannot incite to violence because it is not *31 communicated to the complainant may not form the basis of a criminal prosecution (see Cohen v California, 403 US 5; Chaplinsky v New Hampshire, 315 US 568, 572).” (People v Viau, supra, at 1054.)
The Dietze majority specifically eschewed this position after acknowledging the limiting construction option of Chaplinsky (supra) and concluded to void section 240.25 (2) because: "this court’s past decisions under section 240.25 (2) * * * have not succeeded in halting the prosecution thereunder of protected expression” and "it is now imperative that we reach the constitutional issue” holding section 240.25 (2) "invalid.” (People v Dietze, supra, at 53.)
The inescapable implication of Dietze (supra) is that the verbal acts or gestures sought to be made unlawful by terms of section 240.25 (2) ("In a public place, he uses abusive or obscene language, or makes an obscene gesture”) are constitutionally protected speech under the Federal and State Constitutions and cannot be proscribed — at least by the terminology used in section 240.25 (2).
Section 240.30, aggravated harassment in the second degree, provides:
"A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he:
"1. Communicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm”.
There is no question the concurring opinion of Chief Judge Cooke in Viau (supra) links the same harassing conduct defined by section 240.25 (2) with the elements of a crime charged under section 240.30 (1). He castigated the majority for not protecting against harassment by allowing the mechanical device definition to include a citizens’ band radio: "That section 240.30 does not contain a laundry list of those devices through which harassing communications can be made grants courts no license to ignore its plain and express intendment.” (People v Viau, supra, at 1054.)
To the extent then that a charge under section 240.30 (1) includes speech or gestures constitutionally protected by Dietze (75 NY2d 47, supra) it must be dismissed; however, to the extent that allegations fall under the other subdivisions of *32 section 240.25 or the communication is not protected speech (i.e., People v Gamble, 74 NY2d 904), the charge would not be disallowed on constitutional grounds.
DECISION
The motion by the defendant to dismiss the charges of section 240.30 (1) is denied. It is possible, based on the evidence before the court, that the course of conduct — several letters mailed to the complainant received over several days— would qualify as a violation of subdivision (5) of section 240.25. People v Gamble (supra [where the obscene words were perceived as a threat to deter cooperation with authorities, allowing a conviction under Penal Law § 215.15 (1), intimidating a witness or victim in the third degree, to stand]) suggests that in such a context, the obscene speech protected by Dietze (supra), when used as part of a threat to a witness or victim, loses its status as constitutionally protected free speech. This nexus between another criminal charge and harassing language may distinguish the Dietze decision in future cases.
In this case the defendant’s motions to dismiss are denied for failure of the defendant to show beyond a reasonable doubt his charges come within the Dietze case (supra).