■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BUCHANON, Also Known as SCIENTIFIC, Appellant.— Yesawich Jr., J. Appeal from a judgment of the County Court of Albany County (Turner Jr., J.), rendered July 18, 1989, upon a verdict convicting defendant of the crime of intimidating a witness in the third degree.

On November 30, 1988, defendant and Farnon Dorsey were arrested by City of Albany police. Taken to the police station, Dorsey told police that the cocaine found in his possession had been given to him by defendant to sell. The conviction here at issue is based on Dorsey's testimony that the next day, while he and defendant were waiting to be arraigned in Albany Police Court, defendant threatened to kill him if he told the police that defendant had supplied the cocaine. On the People's direct case, Police Officer Fred Coy and Detective Le Roy Layman both testified that Dorsey had indeed told them of defendant's threats soon after they were allegedly uttered. In the course of the trial, Dorsey also testified that he was not promised anything in return for his cooperation in prosecuting defendant. Defendant was convicted of one count of intimidating a witness in the third degree in violation of Penal Law § 215.15 (1) and sentenced to an indeterminate prison term of 1⅓ to 4 years. This appeal followed.

Initially, we observe that although Dorsey was an accomplice as a matter of law to the cocaine possession charge, that charge was separate and distinct from the intimidation charge *(see, People v Rugg,* 91 AD2d 692, 693). The charges being discrete, Dorsey was not potentially penally liable for participating in the crime of intimidation *(see, People v Fielding,* 39 NY2d 607, 610); he could not be for he was the alleged victim of that crime. Consequently, Dorsey's testimony as to the intimidation charge does not require corroboration *(see,* CPL 60.22).

Nor is the intimidation statute (Penal Law § 215.15) limited in its application, as defendant contends, to protecting victims and witnesses *prior* to when they attain the status of witnesses in a criminal proceeding. Specifically, it is defendant's submission that because Dorsey gave the police a statement implicating defendant in a purported drug possession transaction which had occurred some eight hours before he was allegedly threatened, the statute is therefore inapplicable. The language of the statute itself puts this argument to rest for it "contemplates the intimidation of a person who * * * has given information * * * about a criminal transaction to any * * * police * * * officer irrespective of whether a criminal proceeding exists" (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 215.10, at 558); hence, it was appropriately applied here even though the threats occurred after Dorsey had told the police of defendant's involvement *(see, People v Webster,* 169 AD2d 796, *lv denied* 77 NY2d 1002). Furthermore, as Dorsey's testimony was offered not for the truth of defendant's claimed intimidating statements but rather as evidence that they were made, which is the criminal act to be proven, Dorsey's testimony that he heard those statements was properly admitted *(see, People v Gamble,* 74 NY2d 904, 906). Viewing Dorsey's testimony in the light most favorable to the People, it is sufficient to establish the elements of the crime charged, including defendant's knowledge of Dorsey's possession of information as to the drug possession *(see,* Penal Law § 215.15 [1]; *People v Gamble, supra).*

Notwithstanding the foregoing, a reversal of this conviction is called for because Dorsey's testimony was improperly bolstered. Given that his testimony was the only direct evidence implicating defendant, it was error to allow Coy and Layman to testify that Dorsey had told them of defendant's threat. As Dorsey's testimony was not assailed as a recent fabrication, it is not excepted from the general rule that "the testimony of a

witness may not be corroborated or bolstered by evidence of prior consistent statements made before trial" *(People v Mc-Clean,* 69 NY2d 426, 428; *accord, People v Williams,* 62 AD2d 1026), whether those prior statements were written or oral *(see, People v Major,* 154 AD2d 225, *lv denied* 75 NY2d 815). Inasmuch as the jury's assessment of Dorsey's credibility was crucial in determining the outcome of this case, the inappropriate bolstering of his testimony cannot be considered harmless error *(see, People v Jackson,* 124 AD2d 975, *lv denied* 69 NY2d 746; *People v Williams, supra; see also, People v Mc-Clean, supra,* at 430).

In passing, we note that upon retrial justice will be better served if the prosecutor forthrightly and unambiguously apprises the trier of the facts with respect to what Dorsey had been promised by the police and the prosecutor for his cooperation in testifying against defendant *(see, People v Novoa,* 70 NY2d 490, 496-498; *People v Piazza,* 48 NY2d 151, 162-163; *People v Savvides,* 1 NY2d 554, 556-558).

Weiss, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.