■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STILLMAN SOPER, Appellant. [620 NYS2d 1014] —Crew III, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered September 17, 1993, upon a verdict convicting defendant of the crimes of burglary in the second degree and intimidating a victim or witness in the third degree, and of the violation of harassment.

On January 11, 1992 defendant, subject to a court order of

protection to remain away from his estranged wife, burst into her apartment demanding that she drop pending criminal charges relating to a violation of the order of protection which had occurred on January 8, 1992. Defendant repeatedly was directed to depart, but refused, and continued to demand that his wife drop the criminal charges. An altercation ensued and the police were summoned, resulting in the instant charges. Defendant appeals his conviction.

Referring to his demands as merely requests, defendant contends that it could not be inferred that he was attempting to compel his wife to refrain from communicating with the authorities. Defendant also contends that there was no proof of a threat of physical injury by him against his wife. We disagree. Applying the standards of *People v Bleakley* (69 NY2d 490), we conclude that the record fully supports the conviction. We also reject defendant's assertion that the crime of intimidating a victim or witness cannot occur by demanding that a victim withdraw a pending charge *(see, People v Buchanon,* 176 AD2d 1001).

We also disagree with defendant's contention that County Court impermissibly allowed proof of prior assaults by defendant against his wife. Defendant's prior violent conduct toward his estranged wife was materially relevant to her state of mind, i.e., whether defendant instilled in her a fear that he would cause physical injury *(see,* Penal Law § 215.15 [1]). Accordingly, the People were properly permitted to demonstrate such specific prior violent acts and County Court appropriately cautioned the jury as to the limited purpose of such proof *(see, People v George,* 197 AD2d 588, *lv denied* 82 NY2d 925).

Mikoll, J. P., Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.