358

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YONG YI WU, Appellant. [639 NYS2d 20]

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Defendant's acts were intended to instill fear in the victim to induce him to drop criminal charges (Penal Law § 215.15 [1]; *People v Gamble*, 74 NY2d 904). A day after defendant learned that the police were looking for him in connection with an incident a week earlier, wherein an elevator operator was injured at defendant's former workplace, defendant and his brother returned to the building. There, defendant held the elevator door open, and yelled at the victim that he had not assaulted him, thereby holding the victim captive in the elevator, as defendant's brother, who was standing next to defendant, shook his fist at the victim's head and demanded that he not say anything to the contrary to anyone (*see, People v Soper*, 209 AD2d 829, *lv denied* 84 NY2d 1039).

Defendant's claim that he was denied the right to be present during a material stage of the trial, because the reenactment of a colloquy involving a prospective juror who professed his "philosophical" disagreement with the concept of the presumption of innocence did not parallel the initial colloquy during which defendant was absent, is unpreserved for review by this Court (*People v Robles*, 86 NY2d 763), and we decline to review it in the interest of justice. If we were to review it, we would find that the trial court "substantially replicated the sidebar, *de novo,* in defendant's presence" (*People v Starks*, 216 AD2d 120, 121, *lv granted* 86 NY2d 847). Moreover, defendant's presence would have added nothing, since this juror's biases rendered him patently unsatisfactory to the defense under any circumstances and he was excused for cause. Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Tom, JJ.