*351 OPINION OF THE COURT
Denise L. Sher, J.
This criminal action commenced with the filing of a felony complaint on September 28, 1995, charging the defendant with a violation of Penal Law § 130.50 (1) (attempted sodomy in the first degree) and Penal Law § 120.05 (2) (assault in the second degree) arising from an incident that allegedly occurred on September 27, 1995. At the conclusion of a felony exam on November 30,1995 conducted pursuant to CPL 180.60 the court found that the evidence presented on the examination did not warrant holding the defendant on the aforesaid felony charges. At the conclusion of the felony exam the court stated "I believe that the People have established that there’s a violation of Section 130.60 which is a misdemeanor as well as 120.00 which is also — or an attempt relating to that statute, and that’s it. Accordingly, I’m directing the People to file a Prosecutor’s Information in this case on those two misdemeanor-level charges.” The People subsequently filed a prosecutor’s information charging four misdemeanor-level counts: count 1 — Penal Law § 130.60 (sexual abuse in the second degree); count 2 — Penal Law § 120.00 (assault in the third degree); count 3 — Penal Law § 120.14 (menacing in the second degree); count 4 — Penal Law § 240.26 (harassment).
Defendant now moves for an order dismissing counts 2, 3 and 4 of the prosecutor’s information pursuant to CPL 180.70 (2) and 180.50 (3) (a) (i). Based upon the language quoted above, the defendant argues that the court which had held the felony exam directed that the second count should have been attempted assault in the third degree and not assault in the third degree. The defendant also argues that the People had no authority to add the additional charges of Penal Law § 120.14 (menacing in the second degree) and Penal Law § 240.26 (harassment), since the court ruled on the evidence before it at the hearing on the felony complaint.
This court’s research has revealed no case law or legistlative history from which the court may infer that a District Attorney is prohibited from adding charges other than those directed by the court at the conclusion of a felony examination. A preliminary hearing is basically a first screening of charges; its function is not to try defendants and it does not require the same degree of proof or quality of evidence as is necessary to support an indictment or conviction at trial: the court’s initial duty at such a hearing is to determine whether *352 the People have met the burden of demonstrating reasonable cause to believe that the felony for which the defendants are criminally responsible was committed by them. (People v Torres, 99 Misc 2d 767 [1978]; see. also, Mattioli v Brown, 71 Misc 2d 99 [1972].) CPL 180.70 (2) provides that if there is not reasonable cause to believe that the defendant committed a felony but there is reasonable cause to believe that he committed an offense other than a felony, the court may, by means of procedures prescribed in CPL 180.50 (3), reduce the charge to a nonfelony offense. A charge is "reduced” from a felony to a nonfelony offense, within the meaning of CPL 180.50 (3) (a) (i), by replacing the felony complaint with another local criminal court accusatory instrument. If the factual allegations of the felony complaint and/or any supporting depositions are legally sufficient to support the charge that the defendant committed the nonfelony offense in question, the court may direct the District Attorney to file with the court a prosecutor’s information charging the defendant with such nonfelony offense.
In the transcript of the felony exam, the court’s specification that the People established a violation of Penal Law "Section 120[.00] * * * or an attempt relating to that statute” may be interpreted as allowing the District Attorney discretion in choosing tó file the violation of section 120.00 as the second count in the prosecutor’s information. The defendant has presented no other support of his interpretation that the court’s phrase "and that’s it” should be interpreted to mean that all other charges that could possibly be brought against the defendant had been considered by the court and prohibited. The phrase could simply have been an expression by the Judge that the felony exam was over.
CPL 100.50 (2) provides that at any time before entry of a plea of guilty to or commencement of a trial of an information, the District Attorney may file with the local criminal court a prosecutor’s information charging any offense supported, pursuant to the standards prescribed in subdivision (1) of CPL 100.40, by the allegations of the factual part of the original information and/or any supporting depositions which may accompany it. In People v Williams (120 Misc 2d 68, 74 [Crim Ct 1963]), the court reasoned with regard to subdivision (2) that had the Legislature wished to limit the array of charges available to the prosecutor, "they certainly could have found the words to express it”. The Practice Commentaries concerning subdivision (2) state that the superseding prosecutor’s information may charge totally different offenses than those charged *353 in the first accusatory instrument, as long as they are properly supported by the factual allegations in the original information and/or any accompanying depositions, which must be sufficient within the meaning of CPL 100.40 (1) to support each count charged in the superceder. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.50, at 300.) This court notes that CPL 100.40 (1) provides the conditions under which a count of an information is sufficient on its face. The court further notes that the defendant has not challenged the sufficiency of the evidence supporting the additional counts which were charged in the prosecutor’s information. Thus, the District Attorney could have accomplished the same end by filing a prosecutor’s information with the counts directed by the court in the felony exam and then filing a superceding prosecutor’s information including the additional counts. A statutory interpretation that would require the District Attorney to bring the four charges by going through those two steps as opposed to combining the counts in the first prosecutor’s information, as was done, would exalt form over substance.
Based upon the foregoing analysis, the defendant’s motion for an order to dismiss counts 2, 3 and 4 of the prosecutor’s information is denied.