■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY WILSON, Appellant. [652 NYS2d 454] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant was convicted of one count of intimidating a victim or witness in the third degree (Penal Law § 215.15 [1]). Defendant contends that the proof at trial is legally insufficient to establish his guilt. We agree.

The proof at trial establishes that defendant saw the

confidential informant, seated in a police car, and shouted at him, "I see you, you f—g narc, you're working with the police, you're going to get yours." The informant was then driven by a police officer to a parking lot, where they were followed by defendant, who came to the police car and shouted at the informant, "You're a f—g narc, you're working with the cops. You're not going to, you're not going to be able to live in this town." The proof further establishes that defendant's threats placed the informant in fear for his personal safety.

A person is guilty of intimidating a victim or witness in the third degree "when, knowing that another person possesses information relating to a criminal transaction * * * he * * * [w]rongfully compels or attempts to compel such other person to refrain from communicating such information to any court, grand jury, prosecutor, police officer or peace officer by means of instilling in him a fear that the actor will cause physical injury to such other person" (Penal Law § 215.15 [1]). The "information relating to a criminal transaction" referred to in Penal Law § 215.15 encompasses only information relating to a specific criminal transaction. The statute, as it reads, was not intended to protect from intimidation persons who may obtain knowledge about potential future criminal activity. Rather, the statute is directed at someone who, knowing that a victim or witness has specific information about a crime, attempts to intimidate that person to prevent him or her from communicating information about the crime to the police or from testifying in a criminal proceeding.

The two cases cited by the People involve knowledge by a potential witness of a specific crime (*see, People v Gamble,* 74 NY2d 904; *People v Buchanon,* 176 AD2d 1001). Here, the People failed to show that defendant knew that the confidential informant possessed information about a specific crime. The most that may be inferred from the statements of defendant is that he knew that the confidential informant was working for the police and that he might provide evidence regarding some undetermined future criminal transaction. The court therefore should have dismissed the indictment based upon insufficient evidence. (Appeal from Judgment of Cayuga County Court, Corning, J.—Intimidating Victim or Witness, 3rd Degree.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.