OPINION OF THE COURT
Roy Wheatley King, J.
*86 This criminal action was commenced by the filing of a felony complaint that charges defendant with intimidating a victim or witness in the third degree, in violation of Penal Law § 215.15 (1), arising from an incident that occurred at the Hall of Justice, Monroe County Family Court, on May 31, 2000. A preliminary hearing was held pursuant to CPL 180.60 on August 1, 2000. At that hearing, Renee Nolte, the witness who was the subject of the alleged intimidation, testified that she previously lived in the same apartment building as defendant and her children. Ms. Nolte testified that she made several telephone calls to the police concerning the manner in which defendant treated her children. Ms. Nolte also telephoned Child Protective Services of the Monroe County Department of Social Services concerning the children and the children were removed from defendant’s apartment. On May 31, 2000, Ms. Nolte went to Monroe County Family Court at the Hall of Justice to testify in the matter concerning defendant and her children. Defendant approached her and told her that if she testified defendant would hunt her down and kill her. Defendant also told Ms. Nolte that she was aware that Ms. Nolte now lived in Brockport and vowed to find her. Ms. Nolte testified that defendant’s remarks made her fearful and that she took them seriously.
At the conclusion of that hearing, the court held that there was reasonable cause to believe that defendant committed a felony and, accordingly, ordered that defendant be held for action of the Grand Jury (see, CPL 180.70 [1]). An issue for resolution at the hearing was whether, assuming the truthfulness of Ms. Nolte’s testimony, defendant’s conduct constituted the crime for which she has been charged.
Intimidating a victim or witness in the third degree in violation of subdivision (1) of Penal Law § 215.15 provides that a person is guilty of that crime “when, knowing that another person possesses information relating to a criminal transaction and other than in the course of that criminal transaction or immediate flight therefrom, he * * * [wjrongfully compels or attempts to compel such other person to refrain from communicating such information to any court, grand jury, prosecutor, police officer or peace officer by means of instilling in him a fear that the actor will cause physical injury to such other person or another person.” The question presented at the preliminary hearing involved the nature of the information possessed by Ms. Nolte and whether it could be characterized as “relating to a criminal transaction” inasmuch as it resulted in *87 the filing of a Family Court petition against defendant, not a criminal action.
The court’s analysis of the issue must begin by considering the framework in which the issue is raised, at a preliminary hearing on a felony complaint. CPL 180.10 (1) states that “the primary purpose of the proceedings upon such felony complaint is to determine whether the defendant is to be held for the action of a grand jury with respect to the charges contained therein” (accord, People v Penrose, 164 Misc 2d 960, 961). Subdivision (2) of that section states the issue to be determined at a preliminary hearing is “whether there is sufficient evidence to warrant the court in holding [the defendant] for the action of a grand jury.” CPL 180.70 provides that the standard of proof to be considered by the Judge presiding at the preliminary hearing is whether there is reasonable cause to believe that the defendant committed a felony and therefore to warrant the Judge in holding the defendant for action of the Grand Jury. CPL 70.10 (2) provides that “ ‘Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” There is no requirement that a legally sufficient or prima facie case be presented (see, People v Haney, 30 NY2d 328, 333; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.70, at 158) or that all the elements of the offense be established to the degree required either at trial or in the Grand Jury (see, People v Rice, 148 Misc 2d 204). Put another way, “[a] preliminary hearing is basically a first screening of charges; its function is not to try defendants and it does not require the same degree of proof or quality of evidence as is necessary to support an indictment or conviction at trial; the court’s initial duty at such a hearing is to determine whether the People have met the burden of demonstrating reasonable cause to believe that the felony for which the defendants are criminally responsible was committed by them” (People v Rosa, 169 Misc 2d 350, 351-352; see, People v Torres, 99 Misc 2d 767).
In assessing whether the information possessed by Ms. Nolte related to a criminal transaction within the meaning of Penal Law § 215.15 (1), the court observes that there is no definition of that term in article 215 of the Penal Law nor anywhere else *88 in that statute. Nor is there any insightful decisional law of this State that sheds light on the issue before this court. In its decision in People v Wilson (234 AD2d 986, 987), the Appellate Division, Fourth Department, stated that the term “encompasses only information relating to a specific criminal transaction,” although it did not provide any definition of the term “criminal transaction.” In the Wilson case, the issue before the Court was the legal sufficiency of the proof at trial. There, the proof established that defendant saw a confidential informant sitting in the back seat of a police car and he shouted at him that he had seen him, that he was working with the police and that he was “ ‘going to get’ ” what was coming to him (supra, at 987). Defendant continued to follow the informant and police car and shouted that the informant was not going to be able to continue to live in that community. There was additional proof that the threats placed the informant in fear for his safety. The Appellate Division reversed defendant’s conviction and held that the statute was “not intended to protect from intimidation persons who may obtain knowledge about potential future criminal activity” (supra, at 987). Rather, it had to involve specific information about a crime.
In People v Kase (144 Misc 2d 174, 176-177), Supreme Court, Monroe County (Mark, J.), observed that the crime of intimidating a victim or witness “contemplates the intimidation of a person who may wish to give information or has given information, not necessarily in the form of testimony, about a criminal transaction” and is “directed toward conduct calculated to suppress a witness’ testimony or information.”
Bearing in mind the stated purpose of a preliminary hearing, this court concludes that there is reasonable cause to believe that defendant committed the felony of intimidating a victim or witness in the third degree because she threatened to kill Ms. Nolte if the latter gave testimony against her in Family Court. The information Ms. Nolte possessed pertained to abusive treatment by defendant of her children. It is the nature of the information possessed, not the choice of forum made by the District Attorney or Child Protective Services concerning the type of proceeding or action to file, that is important and relevant in determining whether the information related to a “criminal transaction.” Subdivision (1) of the statute clearly prohibits intimidating a witness from testifying or communicating the information he or she possesses “to any court.” Had the Legislature intended to limit it to a criminal court or to a criminal action, it would have said so. Although defendant was *89 charged with abuse in a petition in Family Court and not with a crime in the local criminal court, this court concludes that this fact is not determinative for purposes of the preliminary hearing held. Because there is reasonable cause to believe that defendant committed the felony charged in the felony complaint, it is hereby ordered that defendant be held for action of the Grand Jury pursuant to CPL 180.70 (1).