■ The People of the State of New York, Respondent, v Salvatore Degiorgio, Appellant. [827 NYS2d 342]—

Lahtinen, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 3, 2005, convicting defendant following a nonjury trial of the crimes of intimidating a victim or witness in the third degree, aggravated harassment in the second degree, aggravated cruelty to animals and criminal contempt in the second degree.

Defendant allegedly attacked and killed his girlfriend's dog and, shortly after she reported the incident to police, he placed a series of early morning, profanity-laced phone calls to her (leaving messages on her answering machine) in which he repeatedly threatened to hunt her down and kill her. These threats resulted in an order of protection that included a directive that he surrender all firearms in his possession and, when informed of this order by police, he told police he would not give up his guns. At his arraignment later that day, the court explained the order of protection and the requirement to surrender his guns, but defendant repeatedly responded that he did not understand. A search warrant was eventually obtained and guns were removed from defendant's residence.

Defendant was indicted for the crimes of intimidating a victim or witness in the third degree, aggravated cruelty to animals, aggravated harassment in the second degree and criminal contempt in the second degree. Following a nonjury trial, he was found guilty of all counts. County Court sentenced him to

concurrent prison terms of $1^1/_3$ to 4 years for intimidating a victim or witness, one year for aggravated harassment, one year for criminal contempt and, consecutive to those terms, two years for aggravated cruelty to animals. Defendant appeals.

Initially, defendant contends that, since the messages he left on the victim's answering machine did not directly request her to refrain from testifying or reporting a crime, the evidence was legally insufficient to establish the crime of intimidating a victim or witness. The crime of intimidating a victim or witness includes a situation where a person who knows that another person possesses information about a crime "[w]rongfully compels or attempts to compel such other person to refrain from communicating such information to any court, grand jury, prosecutor, police officer or peace officer by means of instilling in him [or her] a fear that the actor will cause physical injury to such other person or another person" (Penal Law § 215.15 [1]; *see People v Gamble*, 74 NY2d 904, 905-906 [1989]; *People v Lyons*, 4 AD3d 549, 552 [2004]). Here, the repeated calls were made shortly after defendant's arrest, they were directed at the only other person with first-hand knowledge of the germane events, and the underlying crime was repeatedly referenced, as were the numerous and vile ways in which defendant threatened to deal with the victim. Considered within the context of the recent charges and upcoming court proceeding, defendant's threats could be interpreted as an effort to intimidate the victim into not testifying in the case or otherwise curtailing her cooperation with the police and prosecution (*see People v Buchanon*, 176 AD2d 1001, 1002 [1991]). Viewing the evidence in the light most favorable to the People, there was a valid line of reasoning and permissible inference for the factfinder to conclude that defendant committed this crime (*see People v Gamble, supra* at 905-906; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, after considering the evidence in a neutral light, we are unpersuaded that the conviction for this crime should be set aside as against the weight of the evidence.

Next, defendant argues that the conviction for aggravated cruelty to animals fails under both legal sufficiency and weight of the evidence analysis. A person is guilty of such crime when "he or she intentionally kills or intentionally causes serious physical injury to a companion animal with aggravated cruelty[,]" and "aggravated cruelty" includes "conduct which: (i) is intended to cause extreme physical pain; or (ii) is done or carried out in an especially depraved or sadistic manner" (Agricultural and Markets Law § 353-a [1]). This crime was enacted in 1999 in response to a specific incident where a cat "was doused

with kerosene and set on fire" (Governor's Mem, 1999 McKinney's Session Laws of NY, at 1469), and among the reasons for the legislation was the recognized relationship between violence against animals and subsequent violence against people (*see* Assembly Mem, 1999 McKinney's Session Laws of NY, at 1585). Examples of other acts of cruelty to animals cited when enacting the legislation included throwing animals from windows, using them for target practice, hanging them and starving them (*see id.*; Governor's Mem, 1999 McKinney's Session Laws of NY, at 1469). Defendant asserts that his acts lacked the degree of depravity revealed by these examples and required under the statutory language. The dog that defendant attacked was a 12-year-old, 18-pound Dachshund. He kicked the dog while wearing boots, picked it up by its neck and shook it, banged the dog's head against a door and threw it down basement stairs onto a cement floor. Viewed separately, defendant's individual acts are not as heinous as the examples set forth in the legislative history and any one of these acts, alone, might not have been sufficient to establish the aggravated cruelty necessary to elevate the crime beyond a misdemeanor to a felony (*compare* Agriculture and Markets Law § 353, *with* Agriculture and Markets Law § 353-a). Nevertheless, considered cumulatively under the prevailing circumstances, we conclude that the proof was legally sufficient to satisfy the statutory elements of the charged crime and, further, the conviction was not against the weight of the evidence.

We find unavailing defendant's contention that his conviction for criminal contempt was not supported by legally sufficient evidence or was against the weight of the evidence. Finally, we find no abuse of discretion or extraordinary circumstances warranting a reduction of defendant's sentence.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.