[991 NE2d 707, 969 NYS2d 849]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS AUGUSTINE, Appellant.

Argued April 30, 2013; decided June 6, 2013

### APPEARANCES OF COUNSEL

*Matthew C. Hug*, Troy, for appellant.

*Terry J. Wilhelm, District Attorney*, Catskill, and *New York Prosecutor's Training Institute, Inc.*, Albany (*Hannah E.C. Moore* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant Travis Augustine was convicted after a jury trial of second-degree murder, aggravated cruelty to animals, and fourth-degree criminal possession of stolen property (two counts). The victim, who died from a gunshot wound to the head, was discovered buried in the remote property she owned in Greene County, New York, where she had been living with defendant for several months in a camper; her pet bulldog, shot five times in the head, was buried above her. While in jail for a violation of probation (VOP), defendant was twice questioned by police about the victim's disappearance, the second time after her body had been discovered. Counsel was not present. Defendant claims that his constitutional right to counsel was violated because he was represented by counsel on the VOP at the time, as evidenced by the notation made on an arraignment memorandum by the Town Justice who arraigned him on the VOP.

Assuming, without deciding, that defendant's indelible right to counsel was violated, any error was harmless beyond a reasonable doubt (*see People v Lopez*, 16 NY3d 375, 386-387 [2011], citing *People v Douglas*, 4 NY3d 777, 779 [2005]; *see also People v Crimmins*, 36 NY2d 230, 240-241 [1975]). There is no reasonable possibility that the introduction of the two challenged statements affected defendant's conviction in view of the other evidence, including two counseled statements to police and testimony of numerous witnesses, that overwhelmingly established his guilt.

Defendant's claim of insufficient evidence to support his conviction for aggravated cruelty to animals is unpreserved; his remaining claims are without merit.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

Order affirmed, in a memorandum.