*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    106224
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

PAUL T. FACEY,
                        Appellant.
_____

Calendar Date:   February 18, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

        Mark Schneider, Plattsburgh, for appellant.

        Kristy L. Sprague, District Attorney, Elizabethtown
(Michele A. Bowen of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Essex County
(Meyer, J.), rendered October 13, 2013, upon a verdict convicting
defendant of the crime of aggravated cruelty to animals.

        Following a jury trial, defendant was convicted, as
charged, of aggravated cruelty to animals stemming from the
killing of a pit bull in July 2012.  He was sentenced to six
months in jail plus five years of probation.  Defendant appeals.

        We first find that defendant's conviction was supported by
legally sufficient evidence.  As relevant here, a "person is
guilty of aggravated cruelty to animals when, with no justifiable
purpose, he or she intentionally kills . . . a companion animal
with aggravated cruelty," which is defined as conduct "intended

to cause extreme physical pain [or] done or carried out in an especially depraved or sadistic manner" (Agriculture and Markets Law § 353-a [1]; see People v Degiorgio, 36 AD3d 1007, 1008 [2007], lv denied 8 NY3d 921 [2007], cert denied 552 US 999 [2007]; People v Garcia, 29 AD3d 255, 259-260 [2006], lv denied 7 NY3d 789 [2006]). A companion animal "means any dog or cat" (Agriculture and Markets Law § 350 [5]), which includes a pit bull (see People v Siplin, 66 AD3d 1416, 1417 [2009], lv denied 13 NY3d 942 [2010]). Although he was admittedly present at the scene while the pit bull was still alive, defendant maintains that there is no evidence that he killed the dog and emphasizes no weapon was ever found. The neighbor testified that after hearing the screech of a dog coming from the woods behind his yard, he went to investigate and encountered defendant, who was covered in blood and crouched down with his hands on the dog. The dog was still alive, but its throat had been slashed. The neighbor testified that defendant was not comforting the dog, and had an expression of fear or panic when the neighbor inquired what had happened. Fearing for his own safety, the neighbor returned home and called the police. A state trooper responded to the scene and found defendant at home with a bandaged thumb, which defendant explained had been cut earlier that day at work. A veterinarian testified that there was a deep laceration in the dog's throat, which must have been forcibly cut with a sharp object. She explained that the dog bled to death in no more than 10 minutes. Although defendant maintains that, as he arrived, he saw two men in camouflage leaving the scene headed in the direction of the neighbor's house, the neighbor did not see anyone else in the area. Viewing this evidence in the light most favorable to the People, there was a valid line of reasoning and permissible inferences by which the jury could conclude that defendant committed this crime (see People v Augustine, 89 AD3d 1238, 1242 [2011], affd 21 NY3d 949 [2013]; People v Degiorgio, 36 AD3d at 1009; People v Garcia, 29 AD3d at 261).

Next, defendant contends that County Court erred in rendering a supplemental jury instruction that effectively shifted the burden of proof to defendant to prove his own innocence. While defendant failed to preserve this issue through an appropriate objection, given the nature of the challenged instruction, we exercise our interest of justice jurisdiction to

take corrective action (see CPL 470.15 [3] [c]; People v Thomas, 50 NY2d 467, 472 [1980]; see also People v Konigsberg, 137 AD2d 142, 147 [1988], lv denied 72 NY2d 912 [1988]).  Without question, the People bear the burden of proving a defendant's guilt beyond a reasonable doubt, and County Court so charged the jury twice before giving the instruction at issue.  After receiving a further note from the jury requesting definitions for certain terms, including "depraved" and "sadistic," the court determined that it would "be beneficial . . . to once again go over the definition of aggravated cruelty."  In doing so, however, the court advised the jury: "Thus, if you find beyond a reasonable doubt that the defendant did not engage in conduct which caused the animal extreme pain or which was not done or carried out in an especially depraved or sadistic manner, you must find the defendant not guilty."  This charge impermissibly shifted the burden of proof by suggesting that defendant needed to prove his innocence beyond a reasonable doubt.  Compounding the problem, the charge was rendered shortly before the jury rendered the guilty verdict.  In our view, this was a fundamental error, requiring the reversal of the judgment and a new trial (see Sullivan v Louisiana, 508 US 275, 278 [1993]; People v Antommarchi, 80 NY2d 247, 251-252 [1992]; People v Victor, 62 NY2d 374, 377 [1984]).

To the extent not rendered academic, defendant's remaining contentions have been reviewed and are without merit.

Peters, P.J., Lahtinen and Garry, JJ., concur.


ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Essex County for a new trial.


ENTER:

Robert D. Mayberger
Clerk of the Court