*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 2, 2016                    107302
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                        MEMORANDUM AND ORDER

DAVID MOORS,
                        Appellant.
_____


Calendar Date:   April 21, 2016

Before:   McCarthy, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____


        Mischel & Horn, PC, New York City (Cynthia Feathers, Glens
Falls, of counsel), for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____


McCarthy, J.P.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered January 15, 2015, convicting defendant
following a nonjury trial of the crime of aggravated cruelty to
animals.

        While on a hunting trip on his sister's property, defendant
used a bow and arrow to shoot and kill Clara, the neighbors'
family dog.[1]  As a result, defendant was charged with, among

_____

        [1]  Clara was a 38-pound Australian Shepard mix.

other things, aggravated cruelty to animals.  Following a nonjury trial, County Court convicted defendant of aggravated cruelty to animals, sentenced him to six months in jail and five years of probation – requiring defendant to complete 250 hours of community service and surrender his weapons and his New York hunting license as conditions of the probation – and ordered defendant to pay $2,363 in restitution.  Defendant now appeals, and we affirm.

Defendant argues that the verdict was not supported by legally sufficient evidence[2] or was against the weight of the evidence because he did not kill Clara in a depraved or sadistic manner.  We disagree.  As relevant here, a defendant is guilty of aggravated cruelty to animals if "he or she intentionally kills . . . a companion animal with aggravated cruelty" and with no justifiable purpose (Agriculture and Markets Law § 353-a [1]; see People v Facey, 127 AD3d 1256, 1256-1257 [2015]).  Aggravated cruelty is defined as conduct which is either "(i) intended to cause extreme physical pain; or (ii) is done or carried out in an especially depraved or sadistic manner" (Agriculture and Markets Law § 353-a [1]).[3]

A police officer who interviewed defendant after the killing testified that defendant admitted that he knew he should

_____

[2]  Although this argument is unpreserved based upon defendant's general trial order of dismissal, we necessarily address the adequacy of the evidence as to the elements of the crime in our weight of the evidence review (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Cruz, 131 AD3d 724, 725 [2015], lv denied 26 NY3d 1087 [2015]).

[3]  At trial, defendant conceded that the proof established that he intended to kill Clara and that she was a companion animal.  Otherwise, in reaching its verdict, County Court explicitly found that the proof did not support defendant's conviction on a theory that he acted with aggravated cruelty by intending to cause Clara extreme physical pain.

not have shot Clara. A veterinarian who had attempted to treat Clara explained that she had been shot in the left abdomen and had died as a result of the wound and related internal bleeding. According to defendant, while he was in his hunting blind, he observed Clara with his binoculars, replaced the broadhead arrow that was in his bow with a field tip arrow and then shot Clara. Defendant conceded that he knew Clara was not a coyote and that "everything about her appearance" was consistent with that of a domesticated dog. Further proof was introduced that supported a reasonable inference that Clara was facing away from defendant when he shot her and that defendant's choice in replacing a larger broadhead arrow with a smaller field tip arrow was likely to save defendant money while risking a longer and more painful death for Clara. Additional proof established that Clara suffered for at least 20 minutes after she was shot, and that period began with her "screeching" and "flopping" on the ground and ended with her "choking and . . . gurgling" in the back end of her owners' vehicle as she was rushed to an animal hospital. Given the foregoing, we find adequate proof to support the conclusion that defendant carried out his killing of Clara in an especially depraved or sadistic manner by shooting her in the abdomen with an arrow that was likely to prolong her suffering (see Agriculture and Markets Law § 353-a [1]; see generally People v Degiorgio, 36 AD3d 1007, 1009 [2007], lv denied 8 NY3d 921 [2007], cert denied 552 US 999 [2007]). Further, we defer to County Court's determination to credit the aforementioned evidence rather than other self-serving testimony that defendant provided, and therefore we conclude that the verdict is not against the weight of the evidence (see People v Augustine, 89 AD3d 1238, 1242 [2011], affd 21 NY3d 949 [2013]; People v Degiorgio, 36 AD3d at 1009). Finally, we perceive no abuse of discretion or extraordinary circumstances that would warrant any reduction in defendant's sentence, which included a jail term less than the presumptive statutory minimum (see Penal Law § 70.00 [2] [e]; [3] [b]; [4]; People v Lohnes, 112 AD3d 1148, 1150 [2013]).

Egan Jr., Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed, and matter remitted to the County Court of Ulster County for further proceedings pursuant to CPL 460.50 (5).



ENTER:

Robert D. Mayberger
Clerk of the Court