People v Taylor (2026 NY Slip Op 00738)

People v Taylor

2026 NY Slip Op 00738

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

969 KA 25-00187

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
vJOSHUA TAYLOR, ALSO KNOWN AS MORIAH TAYLOR, DEFENDANT-RESPONDENT. 

MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR APPELLANT.
CINDY T. COOPER, BUFFALO, FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Erie County Court (James F. Bargnesi, J.), dated January 28, 2025. The order, insofar as appealed from, reduced the first and second counts of an indictment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law, counts 1 and 2 of the indictment are reinstated, and the matter is remitted to Erie County Court for further proceedings on the indictment.
Memorandum: The People appeal from an order insofar as it reduced counts 1 and 2 of the indictment from aggravated cruelty to animals (Agriculture and Markets Law § 353-a) to overdriving, torturing and injuring animals; failure to provide proper sustenance (§ 353) based on the alleged legal insufficiency of the evidence before the grand jury.
Initially, we note that County Court erred in reducing the counts without a written motion requesting such relief. "A motion to dismiss an indictment pursuant to [CPL] 210.20 must be made in writing and upon reasonable notice to the people" (CPL 210.45 [1]; see People v Graham, 135 AD2d 1115, 1115 [4th Dept 1987], lv denied 71 NY2d 896 [1988]). "The procedural requirements of CPL 210.45 must be adhered to even when consideration of the dismissal is upon the court's own motion" (People v Pichkur, 52 AD2d 852, 852 [2d Dept 1976]; see People v Littles, 188 AD2d 255, 256 [1st Dept 1992], lv denied 81 NY2d 842 [1993]). Unless those requirements have been waived by the People, "[t]he failure . . . to comply with the statutory mandates requires a reversal" (People v Vega, 80 AD2d 867, 868 [2d Dept 1981]).
In any event, we agree with the People that the grand jury evidence is legally sufficient to support the two counts of aggravated cruelty to animals. The grand jury "must have before it evidence legally sufficient to establish a prima facie case, including all the elements of the crime, and reasonable cause to believe that the accused committed the offense to be charged" (People v Jensen, 86 NY2d 248, 251-252 [1995]). Legally sufficient evidence is defined as " 'competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof' " (People v Swamp, 84 NY2d 725, 730 [1995], quoting CPL 70.10 [1]). "The reviewing court must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted . . . would warrant conviction" (id.; see Jensen, 86 NY2d at 251).
"A person is guilty of aggravated cruelty to animals when, with no justifiable purpose, [they] intentionally kill[ ] or intentionally cause[ ] serious physical injury to a companion animal with aggravated cruelty" (Agriculture and Markets Law § 353-a [1]). "[A]ggravated cruelty" is defined as "conduct which: (i) is intended to cause extreme physical pain; or (ii) is done or carried out in an especially depraved or sadistic manner" (id.). According to the evidence before the grand jury, defendant placed three kittens, approximately eight weeks old, into a knotted [*2]pillowcase and left them outside on a balcony during a snowstorm. The kittens were discovered under several feet of snow after defendant's roommate called emergency services. Defendant had told the roommate not to worry about the kittens because they were "going to kitty heaven." The treating veterinarian testified that two of the kittens died due to "[h]ypothermia and possibly asphyxiation or hypoxia," while the third survived. A second veterinarian, who performed a necropsy on the deceased kittens, opined that the kittens' cause of death was hypothermia and that the kittens would have suffered while they were inside the pillowcase in the cold. The kittens were healthy prior to being placed in the pillowcase.
We conclude that the evidence before the grand jury was legally sufficient to establish that defendant, with no justifiable purpose, intentionally killed the kittens and that defendant did so with aggravated cruelty inasmuch as defendant killed the kittens in a manner that inflicted extreme pain on the dying animals (see People v Napoli, 167 AD3d 1080, 1081 [3d Dept 2018]) or did so in a manner likely to prolong the animals' suffering (see generally People v Moors, 140 AD3d 1207, 1208-1209 [3d Dept 2016], lv denied 28 NY3d 934 [2016]).
To the extent that the court reduced the counts on its own finding that defendant could not form the requisite intent, that was improper weighing of the evidence inasmuch as "consideration of a potential defense of mental disease or defect should rest exclusively with the petit jury" (People v Lancaster, 69 NY2d 20, 29 [1986], cert denied 480 US 922 [1987]; see generally People v Campbell, 69 AD3d 645, 646 [2d Dept 2010]).
We therefore reverse the order insofar as appealed from, reinstate the first two counts of the indictment, and remit the matter to Erie County Court for further proceedings on the indictment. On this appeal by the People, we have no authority to consider the contentions raised by defendant in the responsive brief (see People v Karp, 76 NY2d 1006, 1008-1009 [1990]; People v Woodruff, 4 AD3d 770, 773 [4th Dept 2004])
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court