09-1725-cr
United States v. Baldwin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of October, two thousand ten.

PRESENT: DENNIS JACOBS,
                                    <u>Chief Judge</u>,
              WILFRED FEINBERG,
              JOSÉ A. CABRANES,
                                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        <u>Appellee</u>,

        -v.-                                                09-1725-cr

MAURIEL GLOVER, ALSO KNOWN AS FEET, ROSHAUN HOGGARD, ALSO KNOWN AS FOOT, GENERO MARTE, ALSO KNOWN AS G, ROBERT RAWLS, CHARLES BUNCH, ALSO KNOWN AS JUNE, CHRISTOPHER LAMONT SHERMAN, ALSO KNOWN AS C-L, TORRANCE MCCOWN, ALSO KNOWN AS TERRANCE MCCOWN, JAKE, WILLIAM HOLLY, ALSO KNOWN AS L-O, JASON MARCEL DOCKERY, KENNETH THAMES, ALSO KNOWN AS K-T, JOHN HOBSON, ALSO KNOWN AS UNCLE JOHN, BIG JOHN, KEITH WHITE, GLORIA WILLIAMS, ALSO KNOWN AS GLO, DANTE COBB, CARNEL SYLVESTER

**EDWARDS, TERRANCE JOWERS, ALSO KNOWN AS T-NICE,**

      **Defendants,**

**WILLIAM BALDWIN,**

      **Defendant-Appellant.**

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**    James M. Branden, New York, New York.

**FOR APPELLEE:**    H. Gordon Hall, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

William Baldwin appeals from his conviction, after a trial by jury, of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base. 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii), 846. Baldwin argues that insufficient evidence supported his conviction and that the district court erred in denying his request for a missing witness instruction. In a letter submitted after argument, <u>see</u> Fed. R. App. P. 28(j), Baldwin also argues that his sentence should be vacated in light of the passage of the Fair Sentencing Act of 2010. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** It is well-established that a "defendant challenging the sufficiency of the evidence underlying a criminal conviction bears a heavy burden[] because this Court must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." <u>United States v. Mercado</u>, 573 F.3d 138, 140 (2d Cir. 2009)

(internal quotation marks omitted). We will reverse a defendant's conviction "only if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." Id. (internal quotation marks omitted).

Baldwin does not challenge the fact that a conspiracy existed; he argues only that the government adduced insufficient evidence of his knowing participation in the conspiracy. We disagree. The evidence presented at trial was sufficient to allow a rational jury to conclude that Baldwin shared in the purpose of a larger conspiracy, and was not merely a buyer and user of drugs. See United States v. Rojas, --- F.3d ---, 2010 WL 3169299, at *4 (2d Cir. Aug. 12, 2010). Specifically, Baldwin and the author of the conspiracy, Mauriel Glover, had a relationship characterized by prolonged cooperation and mutual trust, and engaged in standardized transactions. See United States v. Hawkins, 547 F.3d 66, 74 (2d Cir. 2008). Glover and Baldwin also communicated in code, which the jury could have inferred was known only to members of the conspiracy. Moreover, when Baldwin was arrested, he was found in possession of drugs and bags typically used to package these drugs for resale. The jury could have inferred from the quantities of drugs Baldwin purchased from Glover that they were not all for his personal use. See id.

Finally, the fact that two cooperating witnesses who testified at trial, who were also members of the conspiracy, were not acquainted with Baldwin does not preclude a finding that Baldwin was a member of the same conspiracy. "A single conspiracy may encompass members who neither know one another's identities, nor specifically know of one another's involvement." United States v. Sureff, 15 F.3d 225, 230 (2d Cir. 1994) (internal quotation marks and citation omitted). This is so as long as each defendant "knew or had reason to know" that others were involved in a broad narcotics conspiracy. United States v. Barnes, 604 F.2d 121, 155 (2d Cir. 1979) (emphasis omitted).

**[2]** We review the denial of a missing witness instruction for abuse of discretion, and a district court's "failure to give the instruction rarely warrants reversal." United States v. Adeniji, 31 F.3d 58, 65 (2d Cir. 1994). In this

3

case, the district court's decision not to grant the requested instruction was a proper exercise of its discretion.

Baldwin failed to establish that Glover -- the missing witness in question -- was peculiarly within the power of the government to produce as a trial witness. See United States v. Myerson, 18 F.3d 153, 158 (2d Cir. 1994). Indeed, Baldwin never even sought to subpoena Glover. The record reveals that Glover was effectively unavailable to the government; the government had a reasonable basis to believe that, if called as a witness, Glover would give perjurious testimony. This Court has "suggested that where a witness is equally unavailable to both sides, a missing witness charge is inappropriate." United States v. Caccia, 122 F.3d 136, 139 (2d Cir. 1997) (internal quotation marks omitted). In light of these circumstances, we conclude the district court properly declined to issue the requested instruction.

**[3]** Baldwin is not entitled to the benefit of the recently enacted Fair Sentencing Act of 2010. The Act contains no express statement that it is intended to have retroactive effect nor can we infer such intent from its language. See 1 U.S.C. § 109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty . . . incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty[.]"). Consequently, we must apply the mandatory minimum in effect at the time Baldwin committed the offense in question. See Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 661 (1974) (noting that "the saving clause has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense"); United States v. Carradine, --- F.3d ---, 2010 WL 3619799, at *4-5 (6th Cir. Sept. 20, 2010) (concluding that the Fair Sentencing Act does not apply retroactively); United States v. Gomes, --- F.3d ---, 2010 WL 3810872, at *2 (11th Cir. Oct. 1, 2010) (per curiam) ("[B]ecause the [Fair Sentencing Act] took effect . . . after appellant committed his crimes, 1 U.S.C. § 109 bars the Act from affecting his punishment."); see

4

also <u>United States v. Smith</u>, 354 F.3d 171, 175 (2d Cir. 2003) (observing that section 109 "saves sentencing provisions in addition to substantive laws").

Finding no merit in any of the arguments raised by Baldwin on appeal, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK