11-48-cr
United States v. Highsmith

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————————

August Term, 2011

(Submitted: March 23, 2012    Decided: August 8, 2012)

Docket No. 11-48-cr

————————————

UNITED STATES OF AMERICA,

*Appellee*,

— v. —

JOHN HIGHSMITH,

*Defendant-Appellant*.

————————————

B e f o r e:

LIVINGSTON, LYNCH, and DRONEY, *Circuit Judges*.

————————————

Defendant appeals from his sentence, following his plea of guilty, in the United

States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*),

to one count of conspiracy to distribute at least 50 grams of crack cocaine and one count

of weapons possession in furtherance of a drug-trafficking crime. After he committed the

crimes for which he was convicted, but before he was sentenced, Congress passed the

Fair Sentencing Act ("FSA"), which reduced the incarceration penalties applicable to the

first conviction. While this appeal was pending, the Supreme Court decided <u>Dorsey v.</u>

United States, 132 S. Ct. 2321 (2012), which applied the lesser penalties created under the FSA retroactively to those defendants sentenced after the Act became law. Dorsey controls the outcome of this case. We therefore vacate the sentence and remand for resentencing.

Vacated and remanded.

––––––––––––

Nicholas J. Pinto, New York, N.Y., *for Defendant-Appellant*.

Daniel S. Silver, Susan Corkery, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., *for Appellee*.

––––––––––––

PER CURIAM:

Defendant-appellant John Highsmith pled guilty to one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), and one count of weapons possession in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c). He appealed, arguing that the district court erred by failing to make a specific finding of fact as to whether the firearm, which he admits to having possessed in furtherance of a drug-trafficking crime, "[was] discharged" in violation of 18 U.S.C. § 924(c)(1)(A)(iii). While the appeal was pending, the Supreme Court decided Dorsey v. United States, 132 S. Ct. 2321 (2012), which held that the more lenient sentences

2

Congress created under the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010), applied to those defendants who were to be sentenced after the FSA became law for crimes committed before that event. Pursuant to our order, the parties briefed Dorsey's effect on Highsmith's sentence, and agree that we must vacate the sentence and remand for resentencing consistent with Dorsey. We write to make clear that Dorsey abrogates our decision in United States v. Acoff, 634 F.3d 200 (2d Cir. 2011), and to reject Highsmith's remaining argument that the district court plainly erred by adopting the presentence investigation report ("PSR") without making further fact-findings. We therefore vacate the sentence and remand for resentencing consistent with Dorsey and whatever additional fact-finding the district court deems necessary in light of this opinion.

## BACKGROUND

On April 15, 2004, pursuant to a plea agreement, Highsmith pled guilty to a two-count superseding information. By that agreement, Highsmith acknowledged his participation in a drug conspiracy in the Gowanus Housing Development in Brooklyn, New York, from 1997 through June 1999.[1] Highsmith pled guilty to conspiring to distribute at least 50 grams of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). Under the law at the time of the events of the conspiracy and at the

---

[1] The overall Gowanus drug conspiracy – including events and transactions in which Highsmith had no role – lasted from 1992 through 2003, and primarily involved the retail sale of large quantities of crack cocaine and heroin, enforced by violence.

time of the plea, the quantity of crack which Highsmith admitted he conspired to sell triggered a mandatory minimum sentence of ten years of incarceration. Id. § 841(b)(1)(A).

Highsmith also pled guilty to Count Two of the information, which alleged a violation of an unspecified subsection of 18 U.S.C. § 924(c). Section 924(c) generally prohibits a person from using or carrying a firearm in furtherance of "any crime of violence or drug trafficking crime." Id. The statute provides for mandatory minimum sentences, which must be served consecutively to sentences for the underlying "crime of violence or drug trafficking crime," for different uses of firearms: five years for possession, id. § 924(c)(1)(A)(i), seven years if the "firearm is brandished," id. § 924(c)(1)(A)(ii), and ten years "if the firearm is discharged," id. § 924(c)(1)(A)(iii).

During the allocution regarding Count Two, Highsmith and the district court had the following colloquy:

> THE COURT: Now with respect to the second count, which is the firearm count, tell me what you did to commit that crime.
>
> DEFENDANT: When I was distributing a controlled substance, I carried a firearm for protection.
>
> THE COURT: I see. And this was between 1997 and June 1999?
>
> DEFENDANT: Yes, sir.
>
> . . .
>
> THE COURT: And did you [carry a firearm] knowingly and intentionally in furtherance of the drug trafficking crime?
>
> DEFENDANT: Yes.

4

The parties agreed to other details not relevant to this appeal, but did not specify the use to which the firearm was put, beyond the explanation Highsmith gave in the allocution quoted above.

The Probation Department's PSR included additional information about Highsmith's use of firearms. "In the early 2000's," according to the PSR, Highsmith used a weapon in the furtherance of a drug transaction. PSR ¶ 25. He brandished the weapon during that transaction and used it to "hit a drug user on the head," which caused the weapon to "fire[] a round." Id. There is no other evidence in the record regarding Highsmith's brandishing or discharging a firearm.

On November 18, 2010, the district court sentenced Highsmith. It concluded, and the parties agreed, that the applicable Guidelines range was 360 months to life. The district court imposed a below-Guidelines sentence of ten years on each count, to be served consecutively, and five years supervised release. For Count Two, while the district court did not cite any specific subsection of § 924(c), it did note that "Count [T]wo, which is the gun offense, carries a statutory minimum of ten years." Because § 924(c)(1)(A)(iii) is the only subsection cited in the superseding information that carries a mandatory minimum of ten years, we infer that the district court concluded that Highsmith's "firearm [was] discharged," id. While the district court did not orally acknowledge its adoption of the facts as described in the PSR, it did issue a Statement of Reasons, which indicated that the district court "adopt[ed] the presentence investigation

5

without change." Highsmith did not object to the manner in which the district court adopted the findings of the PSR, nor did he dispute the applicability of the ten-year mandatory sentence on Count Two.

Highsmith timely appealed.

## DISCUSSION

**I.      Retroactive Application of the Fair Sentencing Act**

On appeal, Highsmith argues that the district court committed procedural error by failing to expressly recite the factual finding necessary to support the application of the ten-year mandatory consecutive sentence in 18 U.S.C. § 924(c)(1)(A)(iii). After the appeal was submitted, however, we ordered the parties to submit supplemental briefing regarding the potential application of the Supreme Court's then-pending decision in Dorsey, which was issued on June 21, 2012. 132 S. Ct. 2321. Highsmith argued thereafter that Dorsey required the vacatur of his sentence and remand for resentencing. The government conceded the correctness of Highsmith's argument.

We agree with the parties that Dorsey requires that we vacate Highsmith's sentence and remand for resentencing consistent with that opinion. In the FSA, Congress reduced the disparity in penalties imposed upon offenders who dealt in powder cocaine and those who dealt in crack cocaine. The previous statutory scheme "imposed, for example, the same 5-year minimum term upon (1) an offender convicted of possessing with intent to distribute *500* grams of powder cocaine as upon (2) an offender convicted

6

of possessing *5* grams of crack." Dorsey, 132 S. Ct. at 2326. In the FSA, which became law on August 3, 2010, Congress reduced that disparity from 100-to-1 to 18-to-1. Id.

Dorsey addressed whether the FSA's more lenient mandatory minimums applied retroactively to a specific group of defendants: those who, prior to the FSA's passage, committed crack-related crimes subject to the pre-FSA mandatory minimums, but who were not sentenced until after the FSA became law. Highsmith is such a defendant. We and our sister circuit courts had previously addressed the issue, and come to divergent conclusions. Compare, e.g., Acoff, 634 F.3d at 202 (FSA does not apply to such defendants) and United States v. Fisher, 635 F.3d 336, 339-40 (7th Cir. 2011) (same), with United States v. Douglas, 644 F.3d 39, 42-44 (1st Cir. 2011) (FSA applies to such defendants) and United States v. Dixon, 648 F.3d 195, 203 (3d Cir. 2011) (same).

In Dorsey, the Supreme Court determined that the FSA's reduced mandatory minimum sentences for crack-related crimes apply to such defendants. After acknowledging that the "relevant language in different statutes argues in opposite directions," the Court held that Congress intended, by the FSA, to apply with respect to the mandatory minimum sentences the well-established principle that "sentencing judges [are] to use the Guidelines Manual in effect on the date that the defendant is sentenced, regardless of when the defendant committed the offense, unless doing so would violate the *ex post facto* clause" of the Constitution. Dorsey, 132 S. Ct. at 2330, 2332 (internal quotation marks omitted).

7

The parties agree that Highsmith's case is indistinguishable from Dorsey. We reach the same conclusion. Dorsey abrogates our previous contrary holding in Acoff, 634 F.3d at 202, and requires that we vacate Highsmith's sentence and remand the case for resentencing.

## II.  Highsmith's Sentence under § 924(c)

It remains for us to address Highsmith's original argument on appeal. Highsmith argues that the district court committed procedural error by failing to expressly and specifically adopt the factual predicate necessary for a conviction under § 924(c)(1)(A)(iii), the weapons offense that carries a ten-year mandatory minimum. Because he did not raise this issue below, we review the question for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). If we determine that the district court plainly erred, and that the error affects substantial rights, we may, at our discretion, correct the forfeited error, but only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and brackets omitted). In addition to our plain-error review, we review all district court sentencing decisions for both procedural and substantive errors. See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

Highsmith contends that the district court must specifically and expressly adopt facts from the PSR relevant to determining the appropriate sentence. That argument is without merit. We have repeatedly held that "[a] district court satisfies its obligation to

8

make the requisite factual findings when it indicates in its written judgment that it is adopting the findings set forth in the PSR." United States v. Eyman, 313 F.3d 741, 745 (2d Cir. 2002); see also United States v. Zichettello, 208 F.3d 72, 107 (2d Cir. 2000) (affirming the district court's imposition of a Guidelines sentence where "the district court adopted the factual findings of the [PSR], which provided an ample basis to support" the sentence). Thus, by adopting the facts as outlined in the PSR the district court did not commit error, plain or otherwise, that would affect the sentence's procedural or substantive fairness.[2]

## CONCLUSION

In light of the foregoing, we VACATE Highsmith's sentence and REMAND the case for resentencing consistent with this opinion and the Supreme Court's opinion in Dorsey.

---

[2] We note, however, that the PSR's only reference to the discharge of a firearm described an event that occurred "[i]n the early 2000's," outside the 1997 to 1999 period charged in Count One, during which Highsmith admitted to involvement in the conspiracy and carrying a weapon in furtherance thereof. On the remand required by the Supreme Court's decision in Dorsey, the district court should address this incongruity, and determine whether there is a factual basis for imposing a ten-year mandatory minimum on Count Two, and if not, whether it nevertheless wishes to impose a total sentence of twenty years' imprisonment for other reasons.