10-5214-cr
United States v. Luke

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand twelve,

Present:    PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
            BARRINGTON D. PARKER.,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v-                                          10-5214-cr

AKIEM LUKE, also known as Ox,

                    *Defendant-Appellant*.

_____

Appearing for Appellee:    Christopher D. Frey, Assistant United States Attorney, S.D.N.Y.,
                           (Preet Bharara, United States Attorney; Katherine Polk Failla,
                           Assistant United States Attorney, *on the brief*), New York, NY

Appearing for Appellant:   Arza Feldman, Feldman and Feldman, Uniondale, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED** for re-sentencing.

Akiem Luke appeals from the mandatory minimum sentence of 120 months imposed by the district court on December 15, 2010. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In *Dorsey v. United States*, 132 S. Ct. 2321 (2012), the Supreme Court concluded that the revised mandatory minimum sentences of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 ("FSA") applied to individuals who had committed their offense prior to the passage of the Act but were not sentenced until after the August 3, 2010 enactment date. We have recognized that *Dorsey* abrogates our earlier decision in *United States v. Acoff*, 634 F.3d 200 (2d Cir. 2011), which had held that the more lenient mandatory minimums only applied to offenders who committed their offense after the August 3, 2010 enactment date. *United States v. Highsmith*, 688 F.3d 74, 75 (2d Cir. 2012).

The application of *Dorsey* in this case requires that we vacate Luke's sentence and remand to the district court for re-sentencing consistent with the FSA. *See Highsmith*, 688 F.3d at 77.

Accordingly, the sentence imposed by the district court hereby is VACATED and the case is REMANDED for re-sentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk