11-2010-cr
United States v. Gist

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand twelve,

Present:      AMALYA L. KEARSE,
              CHESTER J. STRAUB,
              ROSEMARY S. POOLER,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

              -v-                                          11-2010-cr

GAMALE GIST,

                        *Defendant-Appellant*.

_____

Appearing for Appellee:       Rajit S. Dosanjh (Ransom P. Reynolds, *on the brief*), Assistant
                              United States Attorneys, *for* Richard S. Hartunian, United States
                              Attorney, Northern District of New York, Syracuse, NY

Appearing for Appellant:      Steven Y. Yurowitz, New York, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Gamale Gist appeals from the sentence of 262 months imprisonment and 15 years supervised release imposed by the district court on May 6, 2011. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In *Dorsey v. United States*, 132 S. Ct. 2321 (2012), the Supreme Court concluded that the revised mandatory minimum sentences of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 ("FSA"), applied to individuals who had committed their offenses prior to the passage of the Act but were not sentenced until after the August 3, 2010 enactment date. The application of *Dorsey* in this case requires that we vacate Gist's term of supervised release and remand to the district court for re-sentencing consistent with the FSA. *See United States v. Highsmith*, 688 F.3d 74, 77 (2d Cir. 2012). The government concedes that, had the FSA been applied, Gist would have been subject to a mandatory minimum supervised release term of eight years rather than the 10-year minimum stated in the presentence report. Because there is no unambiguous indication in the record that the district court would have imposed the same 15-year term of supervised release if it had known the FSA was to be applied retroactively, remand for re-sentencing as to that aspect of the sentence is required.

Although Gist urges us to remand for re-sentencing *in toto*, we decline to do so. "Where we identify procedural error in a sentence, but the record indicates clearly that 'the district court would have imposed the same sentence' in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for re-sentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (quoting *United States v. Cavera*, 550 F.3d 180, 197 (2d Cir. 2008)). It is clear from the sentencing proceeding that the district court based Gist's term of imprisonment on his Career Offender status and not on the mandatory minimum under the pre-FSA version of 21 U.S.C. § 841(b)(1)(A). Because, even in light of *Dorsey*, it is clear the same sentence of imprisonment would have been imposed, the term of imprisonment need not be vacated.[1]

Accordingly, the judgment of the district court with respect to the term of imprisonment hereby is AFFIRMED and the judgment of the district court with respect to the term of supervised release hereby is VACATED and the case is REMANDED for re-sentencing in accordance with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] To the extent the district court determines that the terms of incarceration and supervised release are intertwined such that reconsideration of supervised release requires revisiting the custodial component of Gist's sentence, on remand the district court should revisit that component and may—but need not—re-sentence Gist with respect to the term of imprisonment as well..