**11-146-cr**
United States v. Figueras

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                        No. 11-146-cr

JOSHUA FIGUERAS,

*Defendant-Appellant.*

_____

FOR APPELLANT:     Angelo Musitano, Law Office of John J. Molloy, Niagara Falls, NY.

FOR APPELLEE:      Joseph Karaszewski, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the sentence of the District Court is **VACATED** and the case is **REMANDED** for resentencing consistent with this order.

Defendant Joshua Figueras pled guilty to possession with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The parties agreed that Figueras's relevant conduct included possession of 231 grams of cocaine base and 248 grams of cocaine. The district court sentenced him to 240 months' imprisonment, believing this to be the mandatory minimum period of incarceration. Figueras appeals, alleging that the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, applies retroactively and that he did not possess 280 grams of cocaine base so as to trigger a mandatory minimum sentence of 240 months.

## DISCUSSION

Relying on our decision in *United States v. Glover,* 398 Fed. App'x 677 (2d Cir. 2010) (summary order), the district

2

court held that the FSA did not apply to Figueras, who committed his offense before the FSA was enacted but was sentenced afterward. *See also United States v. Acoff*, 634 F.3d 200 (2d Cir. 2011) (*per curiam*) (adopting the same conclusion as *Glover*). In *Dorsey v. United States,* __ U.S. __, 132 S. Ct. 2321, 2335 (2012), the Supreme Court held that the "new, lower mandatory minimums . . . apply to the post-Act sentencing of pre-Act offenders." This Court recognized that *Dorsey* abrogated *Acoff* in *United States v. Highsmith*, 688 F.3d 74, 77 (2d Cir. 2012) (*per curiam*).

In light of *Dorsey* and *Highsmith*, the government moved to vacate Figueras's sentence and remand for resentencing. Because the FSA applies to Figueras and the mandatory minimum that the district court imposed may not be triggered, the Government's motion is **GRANTED**, Figueras's sentence is **VACATED**, and the case is **REMANDED** for resentencing. Figueras's appeal is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk