23-8123-cr
United States v. Martinez Castillo

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand twenty-four.

PRESENT: AMALYA L. KEARSE,
　　　　　　REENA RAGGI,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　　*Appellee*,

　　v.　　　　　　　　　　　　　　　　　　　　　No. 23-8123-cr

DARWIN ALEXANDER MARTINEZ-
CASTILLO, AKA, SEALED DEFENDANT 1,

　　　　　　*Defendant-Appellant.**

------------------------------------------------------------------

FOR APPELLEE:　　　　　　　　JAMES LIGTENBERG, Assistant
　　　　　　　　　　　　　　　　United States Attorney (Lisa

---

* The Clerk of Court is directed to amend the caption as set forth above.

Daniels, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

FOR DEFENDANT-APPELLANT: ALLEGRA GLASHAUSSER, Federal Defenders of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Darwin Alexander Martinez-Castillo appeals from a December 20, 2023 judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) convicting him, following a guilty plea, of one count of illegally reentering the United States following removal subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). The District Court sentenced Martinez-Castillo principally to 48 months' imprisonment. On appeal, Martinez-Castillo challenges his sentence as both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as

2

necessary to explain our decision to affirm.

## I. Background

Martinez-Castillo illegally entered the United States at least seven times. While in this country in 2018, Martinez-Castillo forced himself into a victim's car, threatened the victim with a gun and knife, and stole cash and other valuable items. After his conviction in state court for criminal possession of stolen property for which he was sentenced to a one-year term of imprisonment, Martinez-Castillo pleaded guilty in federal court to illegally reentering the United States (his sixth time). He was sentenced to 65 days' imprisonment and was removed from the United States in April 2019.

In 2023 Martinez-Castillo was again charged with and ultimately pleaded guilty to illegally reentering the United States. At sentencing, Martinez-Castillo argued that he should receive a sentence of time-served, amounting to about eight months. The Government sought a sentence within the Guidelines range of 30 to 37 months' imprisonment set forth in the Presentencing Report ("PSR"). This appeal followed the District Court's imposition of an above-Guidelines sentence of 48 months' imprisonment.

## II. Procedural Unreasonableness Challenge

3

We begin with Martinez-Castillo's challenge to the procedural reasonableness of his sentence. Because Martinez-Castillo did not challenge the District Court's explanation of his sentence during that proceeding, "plain error analysis in full rigor applies to unpreserved claims that a district court failed to" adequately explain its sentence. *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007). "[R]eversal for plain error should be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *Id.* at 209 (quotation marks omitted).

The District Court justified Martinez-Castillo's above-Guidelines sentence by emphasizing that he had illegally reentered the United States several times, broken his specific promise not to do so, and committed multiple non-immigration offenses, including a violent felony, while in the United States. On appeal, Martinez-Castillo argues that none of these reasons adequately justified his above-Guidelines sentence, "particularly given that [his] prior criminal history, both his illegal reentries and his other criminal history, were accounted for in that guideline range and the statute of conviction also took into account that he had a prior felony conviction." Appellant's Br. 20. He also claims that

4

the District Court's explanation misconstrued his criminal and personal history.

We disagree.

First, we reject as meritless Martinez-Castillo's argument that the District Court improperly considered his previous convictions for illegal reentry and his prior state conviction to impose an above-Guidelines sentence because they were already included in the PSR's Guidelines calculation. We have specifically explained that "it may well [be] reasonable for the district court to have imposed a non-Guidelines sentence based upon section 3553(a) factors already accounted for in the Guidelines range." *United States v. Sindima*, 488 F.3d 81, 87 (2d Cir. 2007).

Second, we find unpersuasive Martinez-Castillo's argument that the District Court failed adequately to consider that his multiple reentries were motivated by his fear of violence in Honduras. Before imposing sentence, the District Court explicitly considered Martinez-Castillo's impoverished and abusive upbringing and his fear of violence in Honduras based on his ethnic and political affiliations.

Third, Martinez-Castillo also argues that the District Court inaccurately called him a "violent man" and "a thief" and that the PSR's recounting of the

5

arrest report regarding his prior felony conviction mischaracterized the events precipitating the arrest. Appellant's Br. 22–23; App'x 44. At sentencing, however, Martinez-Castillo did not object to the PSR, and we conclude that the District Court did not plainly err in adopting its factual findings. *See United States v. Highsmith*, 688 F.3d 74, 77–78 (2d Cir. 2012).

Finally, Martinez-Castillo argues that the District Court never explained why a within-Guidelines sentence was not adequate to achieve the goals of deterrence and public safety. The District Court was under no obligation to do so. We have "never required a district court to explain in open court why any particular unselected sentence would be inappropriate." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). In any event, the District Court's explanations for imposing an above-Guidelines sentence here certainly satisfied Section 3553(c)'s "low threshold." *Id.* at 119.

For these reasons, we reject Martinez-Castillo's challenge to the procedural reasonableness of his sentence.

### III. Substantive Unreasonableness Challenge

We turn next to Martinez-Castillo's challenge to his sentence as substantively unreasonable, which we review for abuse of discretion. *United States v. Rigas*, 583 F.3d 108, 121–22 (2d Cir. 2009).

Martinez-Castillo argues that in light of his "harsh life" and "hardships as a child," he is "truly someone who needed treatment, education, and training, rather than a lengthy incarceration." Appellant's Br. 26. He also points to the deplorable conditions he faced during his detention at the Metropolitan Detention Center (the "MDC") as another reason his sentence is substantively unreasonable. We are not persuaded. "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quotation marks omitted). In determining the appropriate sentence, the District Court considered Martinez-Castillo's difficult upbringing and the conditions of his confinement at the MDC. In any event, this record does not remotely suggest that the District Court's decision to impose an above-Guidelines sentence after considering these factors falls outside the "range of permissible decisions." *Rigas*, 583 F.3d at 122.

For these reasons, we reject Martinez-Castillo's challenge to his sentence on substantive reasonableness grounds.

## CONCLUSION

We have considered Martinez-Castillo's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8