23-6457-cr
United States v. Gorychka

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-five.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 23-6457-cr

PATRICK EDWIN GORYCHKA,

*Defendant-Appellant*.

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | Darrell Fields, Federal Defenders of New York, New York, NY |
| FOR APPELLEE: | Marcia S. Cohen, Nathan Rehn, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Patrick Edwin Gorychka appeals from a January 20, 2023 judgment of the United States District Court for the Southern District of New York (Karas, *J.*) convicting him, after a guilty plea, of one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Gorychka was sentenced principally to 42 months' imprisonment and five years of supervised release with a number of special conditions. On August 28, 2024, we issued a summary order affirming the District Court's imposition of two of the challenged special conditions. *See United States v. Gorychka*, 23-6457-cr, 2024 WL 3964287 (2d Cir. Aug. 28, 2024). At the same time, we remanded this matter pursuant to *United States v.*

2

*Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994), to permit the District Court to explain its basis for imposing the special condition requiring that Gorychka's "use of any devices in the course of employment will be subject to monitoring or restriction as permitted by [his] employer." App'x 100. Specifically, we instructed the District Court to explain, consistent with the factors set forth in § 5F1.5(a) of the United States Sentencing Guidelines, its basis for determining that a relationship exists between Gorychka's offense conduct and his employment, as well as its basis for determining that monitoring Gorychka's use of internet-capable devices as part of his employment is reasonably necessary to protect the public. *See* U.S.S.G. § 5F1.5(a).

On remand, the District Court, drawing on the presentence investigation report ("PSR") and a report detailing Gorychka's psychosexual evaluation ("the Report"), entered an order that elaborated its factual findings and analysis of the connection between the special condition and the § 5F1.5(a) factors. Gorychka thereafter requested that this panel reinstate his appeal. On this reinstated appeal, Gorychka renews his challenge to the special monitoring condition. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

3

We review the District Court's findings of fact for clear error, *see United States v. Matta*, 777 F.3d 116, 124 (2d Cir. 2015), and its § 5F1.5(a) analysis for abuse of discretion, *see United States v. Villafane-Lozada*, 973 F.3d 147, 150 (2d Cir. 2020).

Addressing the first prong of § 5F1.5(a)—whether a reasonably direct relationship exists between Gorychka's offense conduct and his occupation—the District Court made the additional factual finding that some of Gorychka's offense conduct occurred while he was at work as an IT specialist at West Point. In support of this finding, the District Court noted that one of the IP addresses Gorychka used to communicate with the officer was located at West Point, and some of Gorychka's messages that form part of his offense conduct were sent during weekday afternoons, when Gorychka was presumably at work. *United States v. Gorychka*, 2024 WL 4504579, at *5–6 (S.D.N.Y Oct. 16, 2024). This finding is not clearly erroneous. Having made these additional factual findings, the District Court did not abuse its discretion in concluding that Gorychka's conduct bore a reasonably direct relationship to his occupation.

Turning to the second prong of § 5F1.5(a)—whether monitoring Gorychka's use of internet-capable devices as part of his employment is reasonably necessary to protect the public—the District Court found that Gorychka's conduct "strongly

4

suggests he is a danger to children." *Gorychka*, 2024 WL 4504579, at \*6. In making this finding, the District Court relied on the PSR and the Report. Because Gorychka did not object to the PSR or the inclusion of the Report, the District Court did not err in relying on them. *See United States v. Highsmith*, 688 F.3d 74, 77–78 (2d Cir. 2012). Nor did the District Court abuse its discretion in concluding that Gorychka's IT expertise would frustrate Probation's effort to monitor his use of the internet without access to his employment-related devices.

## CONCLUSION

We have considered Gorychka's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5