■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELTON HENDERSON, Appellant. [705 NYS2d 589] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered June 15, 1998, convicting him of tampering with a witness in the third degree, intimidating a victim or witness in the third degree, and criminal solicitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's motion to dismiss the indictment failed to preserve the specific claim raised on appeal that the prosecution did not prove tampering with a witness in the third degree and intimidating a victim or witness in the third degree beyond a reasonable doubt (*see,* CPL 470.05 [2]). In any event, we find that the evidence was legally sufficient to establish both offenses. Contrary to the defendant's contention, Penal Law § 215.15 (1) is not limited to protecting victims before they acquire the status of a witness in a criminal proceeding (*see, Matter of Phillippa P.,* 221 AD2d 159; *Matter of Vere C.,* 181 AD2d 635; *People v Buchanon,* 176 AD2d 1001). Moreover, a defendant's attempt to instill fear in a victim or witness is sufficient to establish these crimes regardless of whether he was successful (*see,* Penal Law §§ 215.11, 215.15 [1]).

The defendant was not denied the effective assistance of counsel. The defense counsel's failure to request a *Sandoval* hearing does not, by itself, indicate that the attorney was ineffective (*see, People v Klos,* 190 AD2d 754; *People v Gonzalez,*

161 AD2d 798; *People v Mackey,* 155 AD2d 297). Where, as here, "the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation", the constitutional requirement of effective assistance of counsel is satisfied (*People v Baldi,* 54 NY2d 137, 147). Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.