■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVENDRA SINGH, Appellant. [738 NYS2d 868] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered September 25, 2000, convicting him of intimidating a victim or witness in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his argument that the evidence was legally insufficient. In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The evidence presented by the People provided ample proof upon which the jury could reject any innocent interpretation of the defendant's statements to the complaining witness. Moreover, issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94; People v Martinez, 210 AD2d 508). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant was afforded the effective assistance of counsel. Where, as here, "the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation," the constitutional requirement of effective assistance of counsel is satisfied (People v Baldi, 54 NY2d 137, 147). O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.