■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL COLON, Appellant. [755 NYS2d 884] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated September 23, 1985 (*People v Colon,* 113 AD2d 897 [1985]), affirming a judgment of the Supreme Court, Queens County, rendered November 8, 1982.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]). Prudenti, P.J., Ritter, Altman and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMEAN CUMMINGS, Appellant. [755 NYS2d 865] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered August 18, 2000, convicting him of intimidating a victim or witness in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of intimidating a victim or witness in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Henderson,* 265 AD2d 573 [1999]; *People v Johnson,* 169 AD2d 779 [1991]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Gamble,* 74 NY2d 904 [1989]; *People v Singh,* 292 AD2d 472 [2002]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.