16-3394-cr
*United States v. Daley*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
                    *Circuit Judges*,
          KIYO A. MATSUMOTO,
                    *District Judge.*[*]

---

UNITED STATES OF AMERICA,

        *Appellee*,                         16-3394-cr

        v.

NICKOLAUS DALEY,

        *Defendant-Appellant.*[1]

---

**FOR DEFENDANT-APPELLANT:**                James M. Roth, Stampur & Roth, New York, NY.

---

[*] Judge Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

[1] The Clerk of Court is directed to amend the caption as shown above.

**FOR APPELLEE:**                                         Peter A. Norling and Allon Lifshitz,
                                                                       Assistant United States Attorneys, *for*
                                                                       Bridget M. Rohde, Acting United States
                                                                       Attorney for the Eastern District of New
                                                                       York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Nickolaus Daley appeals from a judgment of conviction entered on September 27, 2016. On December 23, 2015, Daley pleaded guilty to one count of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). The District Court imposed a 60-month term of imprisonment, as well as a three-year term of supervised released and a $100 special assessment, on September 12, 2016.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Daley presents two challenges to his sentence for our consideration: first, that the District Court erred in applying a four-level enhancement under the United States Sentencing Guidelines for possession of a firearm in connection with another felony offense; and second, that the District Court erred in finding a base offense level of twenty due to the firearm's capability of accepting a large-capacity magazine. For the reasons set forth below, each of Daley's arguments on appeal lacks merit.

A.

Daley first argues that the District Court erred by applying a four-level enhancement to his Guidelines offense level, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), for possessing a firearm in connection with another felony. Specifically, that felony was third degree intimidation of a witness in violation of New York Penal Law § 215.15(1). On appeal, Daley contends that there was insufficient evidence to establish witness intimidation.

We review sentences "for abuse of discretion, a standard that incorporates de novo review of questions of law (including interpretation of the Sentencing Guidelines) and clear-error review of questions of fact." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks and alterations omitted). "Facts in support of a sentencing calculation need only be proven by a preponderance of the evidence, and the district court's findings will not be disturbed unless clearly erroneous." *United States v. Halloran*, 821 F.3d 321, 341 (2d Cir. 2016) (internal quotation marks omitted). "When reviewing for clear error, we may reverse only if we are left with the definite and

firm conviction that a mistake has been committed, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (internal quotation marks, alterations, and citation omitted).

The District Court, properly relying on the defendant's social media posts, correctly determined that Daley possessed the firearm at issue in connection with the felony offense of witness intimidation in the third degree. Daley conceded that he posted photographs of himself holding and brandishing the deadly firearm in question. These posts also included messages that insulted the intimidation victim, referred to the victim as a "snitch," identified the car Daley believed the victim drove, and claimed that he already had the victim "running" because of the firearm. GA8–10. The photographic and textual content of the defendant's social media posts satisfies the applicable preponderance standard. Accordingly, the District Court did not clearly err in applying a four-level enhancement to the defendant's Guidelines offense level for possessing a firearm in connection with another felony.

Daley argues that there is insufficient evidence that he violated § 215.15(2) because there is no proof that the victim actually saw the social media posts, nor is there proof that Daley instilled fear in her. Even if this argument were factually correct, § 215.15(2) also criminalizes *attempts* to compel a victim to refrain from providing information about a defendant's crime. N.Y.P.L. § 215.15(2); *see also People v. Henderson*, 705 N.Y.S.2d 589, 590 (2d Dep't 1999) ("[A] defendant's attempt to instill fear in victim or witness is sufficient to establish these crimes, regardless of whether he was successful."). Daley, by posting threatening photographs and messages to social media, clearly attempted to intimidate the victim. The defendant's posts reflect his intent to intimidate the victim by referring to her as a "snitch," describing her car by make, model, and year, providing an example photograph of the vehicle, noting that she returned to "a block" frequently, identifying her as a "school-safety cop," and displaying a weapon. GA8–10. Particularly in light of the fact that Daley did not argue to the District Court that he did not intend to intimidate the victim because he did not believe that she could see the posts, the District Court did not clearly err in finding that Daley intended that his posted rants would directly or indirectly reach and intimidate the victim.

B.

Daley next argues that the District Court erred in calculating his base offense level because the evidence did not support the six-level enhancement found by the District Court for possessing a firearm capable of accepting a large-capacity magazine. In particular, Daley argues that the District Court did not hear testimony concerning Ruger 9 millimeter firearms, that the District Court did not identify the basis for its conclusion, and that there insufficient evidence to support the District Court's finding. The District Court, however, in a written opinion, identified Daley's social media posts (which included photographs of the firearm), Daley's admission that he possessed a Ruger 9

3

millimeter handgun, and the Presentence Investigation Report ("PSR") Addendum as the basis for its conclusion. The PSR Addendum states that the photographs in the social media posts indicated that the firearm had a large capacity magazine, and that the case agent verified that fact. Given that a district court may rely on the PSR to make factual findings, *see United States v. Highsmith*, 688 F.3d 74, 77–78 (2d Cir. 2012), and given that Daley offered no evidence to the contrary regarding the firearm, the District Court did not err in calculating Daley's base offense level.

## CONCLUSION

We have reviewed all of the arguments raised by Daley on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 27, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4